**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


DIMPY PATEL,                    :
                                :    Civil Action No. 08-3586 (JAP)
            Plaintiff,          :
                                :
      v.                        :    OPINION
                                :
JAMES BARBO, et al.,            :
                                :
            Defendants.         :
```

**APPEARANCES**:

Plaintiff pro se                Counsel for Defendants
Dimpy Patel                         Barbo, Sherrer, Ricci,
New Jersey State Prison             Mee, and Dolce
P.O. Box 861                    Jennifer S. Hsia
Trenton, NJ  08625              Deputy Attorney General
                                25 Market Street
                                Trenton, NJ  08625

**PISANO**, District Judge

This matter was opened to the Court by Plaintiff Dimpy Patel filing a Complaint and Amended Complaint alleging that various correctional officials had engaged in a pattern of retaliation and cruel and unusual punishment against him, in violation of his constitutional rights.

By Opinion and Order [13, 14] entered June 19, 2009, pursuant to the screening requirements of 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e, this Court dismissed certain claims and defendants, allowed other claims to proceed, and granted

Plaintiff leave to file a second amended complaint.[1]  The Complaint and Amended Complaint were served on the remaining defendants:  Assistant New Jersey Department of Corrections Commissioner James Barbo, Assistant Commissioner Lydell B. Sherrer, New Jersey State Prison Administrator Michelle Ricci, Associate Administrator Donald Mee, Jr., and Investigator Valentine R. Dolce.

On August 24, 2009, Plaintiff filed his Second Amended Complaint.[2]  Now pending before this Court is the Motion [46] of Defendants Barbo, Dolce, Mee, Ricci, and Sherrer to Dismiss the Second Amended Complaint for failure to cooperate with discovery. Plaintiff has responded, Defendants have replied, and this matter is now ready for decision.

---

[1] More specifically, this Court ordered that the claims for retaliation could proceed as against Defendants Dolce, Barbo, Sherrer, Ricci, and Mee and that the claims (1) for violation of Plaintiff's First Amendment right of association, and (2) for violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment could proceed as against Defendants Barbo, Sherrer, Ricci, and Mee.  All other claims against all other defendants were dismissed.

[2] In the Second Amended Complaint, Plaintiff asserted claims not only against the five defendants who remained in the action following the initial screening, but he also asserted claims against the defendants who had previously been dismissed from this action.  In the Second Amended Complaint, however, Plaintiff failed to cure the deficiencies of the Complaint and Amended Complaint with respect to Defendants Commissioner George W. Hayman, Assistant Administrator Jeffrey Bell, Investigator Wojciechowicz, and Investigator Harrison.  Accordingly, all claims against these defendants will be dismissed with prejudice.

## I.   BACKGROUND

As noted above, by Opinion and Order [13, 14] entered June 19, 2009, this Court dismissed certain claims and granted Plaintiff leave to file a second amended complaint within 30 days thereafter, or by July 19, 2009, if he could cure the deficiencies in the dismissed claims.

On August 3, 2009, this Court received a request from Plaintiff, dated July 13, 2009, for a 90-day extension of the deadline to file a second amended complaint.  Plaintiff asserted that he needed the extension because he was seeking assistance from paralegals and because he needed time to obtain certain documents.  The Court entered an Order [17] granting the request the same day.  On August 24, 2009, the Court received Plaintiff's Second Amended Complaint [20].  Plaintiff was not represented by counsel on the Second Amended Complaint.

Also on August 24, 2009, this Court received Plaintiff's Motion [19] to appoint counsel, which the Court denied by Order [22] entered October 16, 2009.  In that Order, the Court noted that Plaintiff's case did not appear to be factually or legally complex.

On March 3, 2010, this Court entered its Scheduling Order [24] requiring that all discovery be completed by May 31, 2010.  That Order includes a notice that failure to comply may result in the imposition of sanctions, including dismissal of the

complaint.  On May 21, 2010, upon request by counsel for Defendants, the Court entered an Amended Scheduling Order [27] extending to July 30, 2010, the deadline for completion of discovery and providing that the Defendants may take the deposition of Plaintiff at a place designated by the Administrator of the prison where Plaintiff was incarcerated.

On September 14, 2010, in response to requests from both Plaintiff[3] and counsel for Defendants, this Court entered its Amended Scheduling Order [34] extending to October 29, 2010, the deadline for completion of discovery and again providing that the Defendants may take the deposition of Plaintiff at a place designated by the Administrator of the prison where Plaintiff was incarcerated.  The Scheduling Order also provided that no further extensions of time would be granted, except upon formal motion and on a showing of good cause.

On October 4, 2010, this Court received Plaintiff's Letter [41] request, dated September 27, 2010, advising the Court that Defendants were attempting to take Plaintiff's deposition and requesting an order staying his deposition for 15 days, by which time he expected attorney Nikole A. Pezzullo to have entered her

---

[3] Plaintiff asserted that he was attempting to obtain assistance from prison paralegals.  In his opposition to Defendants' request for an extension of time, Plaintiff noted that the Defendants had failed to take his deposition, as permitted by earlier court orders, and had proffered no justification for their failure to take his deposition more timely.

appearance in this matter.  On October 4, 2010, this Court entered its Order [41] granting Plaintiff's request and providing that Plaintiff's deposition shall be taking during the week of October 25, 2010.

On October 27, 2010, Defendants attempted to serve Plaintiff with a notice of deposition through an employee at New Jersey State Prison.  Plaintiff refused to take the notice.  On October 29, 2010, Defendants' counsel arrived at New Jersey State Prison, with a court reporter, to take Plaintiff's deposition.  Plaintiff refused to come out of his cell to give his deposition.  After consultation with the Court, Defendant's counsel was escorted to Plaintiff's cell, where she advised Plaintiff that his case could be dismissed if he did not participate.  Plaintiff indicated that he understood and said that he had counsel.  However, no counsel had then, or has ever, entered an appearance on behalf of Plaintiff in this matter.

This Motion [46] to Dismiss for failure to comply with discovery was filed on November 8, 2010.  On November 29, 2010, this Court received a letter [49] request from Plaintiff for a 30-day extension of time to give his deposition, asserting that he expected to be able to retain counsel by that time.  This Court denied that request on December 1, 2010.  On December 14, 2010, this Court received another letter [51] from Plaintiff in which Plaintiff stated that he could not afford to retain counsel

5

and asking that the Court permit his deposition to be re-scheduled.  On December 17, 2010, this Court denied that request.

Thereafter, Plaintiff filed his opposition to the Motion to Dismiss, asserting that Defendants did not come to court with clean hands, as they were in contempt, themselves, of this Court's discovery Order [43] to produce the transcript of a telephone conversation.[4]  Plaintiff states that he is now ready to submit to deposition and that the Defendants would suffer no prejudice from permitting the deposition and the case to proceed at this time.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 16(f)(1)(C) provides that the Court, on motion or on its own, may issue any just orders if a party fails to obey a scheduling or other pretrial order.  Rule 37(b)(2)(A) similarly provides that "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders."  The Court may order the following:  "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party

---

[4] In fact, Defendants are not in contempt of that discovery Order [43], as this Court subsequently granted [48] Defendants' request for a stay of the discovery order pending a decision on the Motion to Dismiss.  Transcription of the telephone conversation would have required retention of a translator, at government expense, as the conversation took place in Urdu.

claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."  Fed.R.Civ.P. 37(b)(2)(A) (i)-(vii).

Dismissal, however, is a severe penalty and is reserved only for extreme cases.  Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984) (citing Nat'l Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).

In Poulis, the Court set forth a six-part balancing test that a District Court should apply in determining whether dismissal is appropriate.  The six factors include: (1) the extent of the party's personal responsibility, (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or of the attorney was willful or in bad faith; (5) the effectiveness of the sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.  Poulis, 747 F.2d at 868.  Of course, not all of the

Poulis factors need to be satisfied in order to dismiss an action.  See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Products Liability Litigation, 381 F.Supp.2d 421, 425 (E.D. Pa. 2005).

### III.  ANALYSIS

The first Poulis factor requires the Court to consider the extent of Plaintiff's personal responsibility for the failure complained of.  A pro se plaintiff, such as Mr. Patel, here, bears sole responsibility for his failure to appear for his deposition.  Cf. Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 920 (3d Cir. 1992) (noting that, as pro se litigants, defendants "had personal responsibility for the conduct of the litigation").

Regarding the second factor, prejudice, the Court finds that there has been prejudice to Defendants.  Because of Plaintiff's violation of this Court's Order, Defendants have been forced unnecessarily to expend resources of time and money, appearing with a court reporter to take Plaintiff's deposition in accordance with this Court's Orders, while Plaintiff refused to attend.  In addition, Defendants have been put to the unnecessary expenditure of resources in filing this Motion to dismiss, which would not have been necessary if Plaintiff had appeared.

8

As for the third <u>Poulis</u> factor, dilatoriness, the Court finds that this factor, too, militates toward dismissal. Both parties have sought extensions of time in this matter. Nevertheless, after this Court ordered that no further extensions of time would be granted, Plaintiff sought another extension of time to give his deposition in order to try to obtain counsel. At the time Plaintiff refused to appear for his deposition, more than a year had elapsed from the time this Court denied Plaintiff's motion for appointment of counsel. Thus, Plaintiff had ample time to obtain counsel and to prepare to give his deposition. Moreover, after he refused to accept the notice of deposition on October 27, 2010, and with the knowledge that this Court had ordered that Plaintiff appear for his deposition during the week of October 25, 2010, Plaintiff had two days to contact his attorney and find out the status of his request that she represent him. Plaintiff does not allege here any facts to suggest that he made that effort. Accordingly, this Court finds that, on balance, the dilatoriness factor disfavors Plaintiff.

Similarly, Plaintiff's failure to explore the status of his request for representation, especially in the face of this Court's Order that Plaintiff must submit to deposition during the week of October 25, 2010, in consideration of Plaintiff's request for an extension of time to obtain counsel, suggests both wilfullness and bad faith. The Court is particularly troubled by

Plaintiff's protestations of ignorance in the face of evidence of understanding.  For example, in September 2010, Plaintiff demonstrated his understanding of the importance of giving his deposition, when he argued to this Court that Defendants should not be granted an extension of time to take his deposition, because their delay must have been a strategic decision.  In light of this earlier understanding of the importance of his deposition, it was disingenuous for Plaintiff to tell the Court, in his December 2010 Letter [51], after repeated discussion of the scheduling of Plaintiff's deposition and after Defendants had filed their Motion to dismiss, that "I don't know what is Deposition by Attorney General."  Similarly disingenuous is Plaintiff's assertion that he had only two days notice of Defendants' intention to take his deposition.  To the contrary, Plaintiff last requested an extension of time because Defendants were attempting to take his deposition and he required counsel, a request that Defendants did not oppose, and Defendants ultimately tried to take his deposition at the latest possible date, which would have afforded Plaintiff the maximum time to obtain counsel in compliance with this Court's Order.  This Court concludes that Plaintiff wilfully took the chance that he could delay or avoid giving his deposition without sanction.

With respect to the fifth <u>Poulis</u> factor, the effectiveness of other sanctions, the Court notes that Plaintiff is proceeding

10

here in forma pauperis, so monetary sanctions would be futile. In the context of this case, this Court is at a loss to discern any other effective sanction, nor has Plaintiff suggested any lesser sanction.  Instead, Plaintiff suggests that the Court should simply ignore his refusal to submit to deposition and give him another opportunity.

Finally, with respect to the sixth Poulis factor, the meritoriousness of the claim, the Court notes that the complaint and amended complaint were sufficient to avoid dismissal when they were screened.  Defendants, however, have denied Plaintiff's claims and propounded several affirmative defenses that likewise may be meritorious.  Accordingly, this factor is neutral.

After consideration of all six Poulis factors, the Court finds that dismissal with prejudice of all claims asserted in Plaintiff's Complaint, Amended Complaint, and Second Amended Complaint is appropriate.

## IV.   CONCLUSION

For the reasons set forth above, the Motion to Dismiss will be granted.   An appropriate order follows.


/s/JOEL A. PISANO
Joel A. Pisano
United States District Judge

Dated: May 17, 2011

11